**In Re the Marriage of Dale Eugene SPLINTER, Petitioner, Respondent,**

v.

**Ann Marie LANDSTEINER, f.k.a. Ann Marie Splinter, Appellant.**

**No. C3–87–1019.**

Court of Appeals of Minnesota.

Oct. 27, 1987.

Richard D. Berens, Johnson, Berens & Wilson, Fairmont, for respondent.

Michael Ormond, Reidenberg & Ormond, Minneapolis, for appellant.

Considered and decided by FOLEY, P.J., and PARKER and SEDGWICK, JJ., with oral argument waived.

### MEMORANDUM OPINION

SEDGWICK, Judge.

### FACTS

Custody of the parties' two children was litigated at the dissolution trial. The findings of the court, filed October 12, 1984, stated:

> It would be detrimental to the children if either Respondent or Petitioner were to have the sole custody of the children's upbringing.

The court granted the parties joint legal and physical custody. The decree also provided that if either party left the Fairmont area the father would have custody during the school year, and mother during the summer. On August 23, 1985, the same trial court, without hearing or notice, or motion by either party, *sua sponte* gave father custody during the school year and mother custody in the summer.

On May 6, 1987, the trial court entered a third amended decree granting sole legal and physical custody to father. Again, neither party moved for change of custody. It was not argued or litigated. The only motions before the court were respondent's motion for increased child support and appellant's motion to find respondent in contempt for violating her visitation rights.

A trial court may not modify a custody award absent an evidentiary hearing in which witnesses may be cross-examined. *Auge v. Auge*, 334 N.W.2d 393, 396 (Minn. 1983).

The trial court may not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of either the child or the custodian and that modification is necessary to serve the best interests of the child. Minn.Stat. § 518.18(d) (1986). *If* the court makes that determination, which the trial court here failed to do, then it must still retain the custodian established by the prior order unless one of three statutory factors is shown. *Id.* Particularized findings are required. *See Pikula v. Pikula*, 374 N.W.2d 705, 713 (Minn.1985).

■ The trial court erred in not following either case law or Minn.Stat. § 518.18. There was no motion for modification, no affidavits addressed to that issue, no hearing, no transcript and no findings. Paragraph 7 of the third amended judgment and decree is vacated.

■ The trial court also erred in denying mother's motion for child support during summer visitation. It stated:

It would not be equitable to require payment by the custodian of the expenses incurred because the non-custodial parent chooses to move from the area. * * I do not believe that the custodial parent should be required to pay support during extended visitation when he must maintain an adequate home on a 12 month basis for the children even though they are not residing with him on a 12 month basis. * * *

The mother also must provide an adequate home for visitation. The trial court erred in failing to apply Minn.Stat. § 518.-551 (1986), and it erred in not making particularized findings as required by *Moylan v. Moylan*, 384 N.W.2d 859 (Minn.1986).

Appellant's motion to remove the trial judge must be made on the record to that judge. We do not rule on that motion.

### DECISION

We vacate paragraph 7 of the third amended judgment and decree, dated May 7, 1987. We reverse and remand for findings and decision in accord with the law on appellant's motion for child support.

Reversed and remanded.